CORDELIA F. BLAKELEY v. NORA MOSHIER ET AL.

*Mechanic's lien—Acceptance of note—Waiver.*

1. A lien once waived cannot afterwards be revived; citing *Boom Co. v. Sanborn,* 36 Mich. 358.

2. Taking a note in settlement of the amount due a material-man, which does not mature until after the expiration of the 30 days within which he is required to file his claim of lien in order to make it effectual as against a *bona fide* purchaser or incumbrancer without notice, amounts to a waiver of such lien to the extent of the items then furnished.

3. In such a case, the refusal of the material-man to accept pay for materials furnished after the giving of the note, coupled with the statement that "he would collect it all together," is held a waiver of his right to claim a lien therefor.

Appeal from Kent. (Grove, J.) Submitted on briefs October 27, 1892. Decided December 23, 1892.

Bill to enforce a mechanic's lien. Defendants Moshier

appeal.   Decree reversed, and bill dismissed.   The facts are stated in the opinion.

*J. M. Jamison,* for complainant, contended:

1. It has been held by courts that taking a mortgage is a waiver of the right to claim a lien, but this Court has never held that taking a note was payment of the demand, in the absence of an agreement that it should be received in payment; citing *Gardner v. Gorham,* 1 Doug. 507; *Hotchin v. Secor,* 8 Mich. 494; and that the taking of a note or a chattel security does not operate as such waiver, see *Howe v. Kindred,* 42 Minn. 433; nor does it affect the right to a lien that the note has been discounted, provided it can be produced and delivered up at the trial; citing *Clement v. Newton,* 78 Ill. 427.

*C. O. Smedley,* for appellants, contended for the doctrine of the opinion.

DURAND, J.   The bill of complaint was filed in this cause for the purpose of enforcing a mechanic's lien, under Act No. 216, Laws of 1885.

It appears that the defendant Etta B. Kindra was the owner of certain premises in the city of Grand Rapids, and in January, 1891, she commenced the erection of a house thereon.   Her husband was a contractor and builder, and he had the management of the work, and the purchasing of the materials therefor.   On January 6, 1891, he went to the store of complainant, who is a hardware merchant in Grand Rapids, and purchased a quantity of hardware to be used in the construction of the house, and from time to time thereafter, and until June 24, 1891, he purchased from complainant, and used in the construction of the house, including the purchase of January 6, 1891, hardware to the amount of $146.02.   On July 16, 1891, the complainant, after insisting upon the payment of the amount due to her from the defendant Etta B. Kindra for this amount and other indebtedness, but not receiving it, consented to take, and took from her, a note due in 30 days,

for $247. The items which were included in the amount
of the note were $99.35, the balance of an old account,
$1.63, bank discount, and the $146.02 above mentioned.
After the taking of the note, two other small bills of
hardware were purchased, amounting to about $17, one on
August 10, and the other on August 12, 1891.

On August 17, 1891, the defendant Etta B. Kindra sold
and conveyed the house and premises in question to the
defendant Nora Moshier, and on the same day Nora
Moshier conveyed an undivided one-half interest therein to
the defendant George K. Moshier, her husband. At the
time Nora Moshier purchased this property she employed
a competent person to examine the abstract of title, and
to ascertain if any liens existed against the property. After
a careful examination, no incumbrances or liens were found
of record except certain mortgages, about which there is
no dispute. Everything was done by her that was possi-
ble to be done to ascertain the true state of the title to
this property, and after satisfying herself, and also being
advised, that no liens or incumbrances existed against it,
other than the mortgages above mentioned, she purchased
the property in good faith, and paid full value therefor.

At the time the note given by Mrs. Kindra matured,
the complainant's son, who was managing the business for
her, was away from home. On his return, which was
some time during the first part of September, 1891, he
ascertained that the note had not been paid. He then
had a talk with Mr. Kindra relative to the payment of
the note, and, failing to get his pay on the note from him,
he then went and tried to induce Mrs. Moshier to pay it,
but she also declined.

About the time, or soon after, the note became due, the
defendants claim that Mr. Kindra, the husband of the
defendant Etta B. Kindra, acting for her, went to the com-
plainant's son, who, as before stated, was in charge of the

complainant's business, and offered to pay to him the amount of. the purchases that were made subsequent to the giving of the note, but that he refused to accept such payment, saying that "he would collect it all together." This is disputed by the complainant, but we think all . the circumstances in the case tend to corroborate the testimony of Mr. Kindra in this particular, and tend to prove that he offered to pay the amount, as testified to by him. The note had been given for all purchases which were made prior to its date; he had made an affidavit that all bills for material were paid; the property had been sold; and it is but fair to presume that he was trying to pay the indebtedness incurred subsequent to the giving of the note, so that no lien could possibly attach to the property. We are convinced from the evidence that, about the time the note became due, he offered to pay for the materials which were purchased after the note was given, which payment was refused by the complainant.

The complainant filed her notice of claim of lien on September 23, 1891, and on October 20, 1891, she filed this bill of complaint to enforce its payment.

Several questions were raised on the hearing of the cause in the court below, and the same questions are raised by the record and the briefs of counsel in this Court, which need not be noticed, for we are satisfied that by the complainant's action in taking the note for this and all other indebtedness due from Mrs. Kindra, and by her refusal to accept payment for the materials subsequently purchased, she has waived her right to claim a lien on the property in question. At the time the note was given, on July 16, 1891, no materials had been purchased for this house since the 24th of the preceding June. The complainant, under the lien law of 1885, is undoubtedly a *material-man*, and as such she would have to file her claim of lien, if she intended to claim one, within 30 days after the last of the

materials were furnished, or some time before July 24. The note was made payable in 30 days from its date. It would therefore not become due until August 16,—more than 20 days after the 30 days in which she could claim a lien, if she intended to claim one, would have expired. By the taking of the note she put the payment of the claim off for more than 20 days after she could file a claim of lien that could be enforced as against a *bona fide* purchaser or incumbrancer, without notice, whose rights had accrued at any time during those 20 days. The note was not given for the amount of the materials purchased for this house alone, but there was included in it, as stated, an old account of $99.35 and $1.63 bank discount, and no attempt to claim a lien was made until after payment of the note was refused. Under these facts it seems to us clear that, at the time the note was given, the complainant did not intend to claim a lien on the premises in question, but that, on the contrary, the taking of the note was intended to be, as it was in fact, a settlement of all accounts between the parties to that date; and no lien could thereafter attach for the amount of these accounts, or either of them, no matter what subsequent dealings the parties might have, for a lien once waived cannot afterwards be revived. *Au Sable River Boom Co. v. Sanborn,* 36 Mich. 358.

The complainant, having refused to accept payment for the materials which were purchased subsequent to the giving of the note, has waived her right to a lien for the amount of those materials also. She having waived her right to claim a lien for the amount of the materials purchased up to the time the note was given, and that amount having become the mere debt of the defendant Etta B. Kindra, her refusal to accept payment for the materials purchased after that time, when payment was offered, together with the reason given by her, that "she would collect it all together," must be held to be a waiver of her

right to claim a lien therefor, and an election on her part to treat the whole amount due her as the personal debt of the defendant Etta B. Kindra.

The decree of the court below should be reversed, and a decree entered here dismissing complainant's bill of complaint. The defendants Nora Moshier and George K. Moshier, being the only defendants who have appealed, will recover the costs of both courts.

The other Justices concurred.