Rhodes *et al. v.* Webb-Jameson Company *et al.*

RHODES ET AL. *v.* WEBB-JAMESON COMPANY ET AL.

[No. 2,344.   Filed January 28, 1898.]

MECHANIC'S LIEN. — *Foreclosure.*— *Demand.*— *Complaint.*— A complaint in an action to foreclose a mechanic's lien need not allege a demand for the payment of the debt.  *p. 196.*

SAME.—*Notice.—Account.*—A notice of intention to hold a mechanic's lien for labor performed and material furnished in the construction of a house need not state the nature or kind of labor, nor contain an itemized statement of the account, but is sufficient if it state the specific amount for which the lien is claimed.  *pp. 196, 197.*

SAME.— *Character of Work.—Notice.*— A mechanic's lien may be held under section 7255, Burns' R. S. 1894, for raising a house and repairing the roof, putting in brick-work and fixing a grate, under a notice of intention "for work and labor done and material furnished, * * * and for the erection and construction of said building."  *p. 197.*

SAME.—*Note Given for Debt.*—A mechanic's lien is not forfeited by the fact that a promissory note was given and accepted for the debt, with the understanding that if it was not paid the right to take a lien on the property was reserved, where it is not shown that the note given was governed by the law merchant.  *pp. 197-199.*

From the Marion Superior Court.   *Affirmed.*

*Elmer E. Stevenson*, for appellants.

*H. J. Milligan*, for appellees.

COMSTOCK, J.—Action to foreclose a mechanic's lien brought by appellee company against appellants and appellee Hamlyn.   There was a finding and a decree in favor of appellee, the Webb-Jameson Company.

The errors assigned are that the complaint does not state facts sufficient to constitute a cause of action against appellants, and that the court erred in overruling appellants' motion for a new trial. Appellee Hamlyn, the owner of the property described in the complaint, on which the work was done and materials furnished, employed the said Webb-Jameson Company to perform said work. After the notice of intention to hold a lien was filed, which was done within the statutory time, the property was sold and conveyed by said Hamlyn to appellant William A. Rhodes, husband of Mary A. Rhodes. Judgment was rendered for the foreclosure of the lien, and the case was continued as to Hamlyn, he not having been served with process. The sufficiency of the complaint is here first questioned. The only objection pointed out is, that it does not allege that any demand was ever made for payment of appellees' claim. Such demand was not necessary. *Olvey* v. *Jackson*, 106 Ind. 286; *Rend* v. *Boord*, 75 Ind. 307; *School Town of Princeton* v. *Gebhart*, 61 Ind. 187; *Warden* v. *Nolan*, 10 Ind. App. 334; *Quimby* v. *Lyon*, 63 Cal. 394.

Three reasons are given for a new trial. The first is, that the assessment of the amount of recovery is too large. The amount allowed was the agreed price, and the value, as shown by the evidence, of the labor performed and materials furnished, without interest. This reason is without support. The second reason is, that the decision is not sustained by sufficient evidence. The third is, that the decision is contrary to law. These reasons will be considered together. The appellant contends that the notice of intention to hold a lien is insufficient in that it does not state the nature and kind of labor and materials. The notice contains a statement of the specific amount for which the lien was claimed, and that it was for labor performed and

materials furnished at the instance and request of Hamlyn.   It was not necessary that there should have been an itemized statement of the account.   *Neeley* v. *Searight,* 113 Ind. 316; *Clark* v. *Huey,* 12 Ind. App. 224; *Coburn* v. *Stephens,* 137 Ind. 683, 45 Am. St. 218; *Simonds* v. *Buford,* 18 Ind. 176.

Notice of intention was given to hold a lien "for work and labor done and material furnished   *   *   * and for the erection and construction of the said building."   Appellants' counsel claims that there was no erection and construction of the building, and that the work done could not be considered an erection or construction.   Section 7255, Burns' R. S. 1894, under which appellant sought to enforce its lien, reads as follows:   "That contractors   *   *   *   and all persons performing labor or furnishing material or machinery for the erecting, altering, repairing or removing any house,   *   *   *   may have a lien, etc."   The evidence shows that the work done consisted in raising a house, putting in brick-work, fixing a grate, labor, and repair of the roof.   The work done is clearly within the statute.   Appellants' counsel bases his chief claim for a reversal of the judgment upon the fact that a promissory note was accepted for the payment, and sold, and that the lien was thereby forfeited.

In the well considered case of *Smith* v. *Bettger.* 68 Ind. 254, 34 Am. Rep. 256, the court held, after a lengthy review of conflicting decisions: "That taking a promissory note not governed by the law merchant, by the creditor from his debtor, for an existing debt, is not a payment of the debt, unless it is so agreed to be by the parties, and the onus of proving such agreement would lie upon the debtor.

"2.   That the taking of a bill of exchange or a promissory note governed by the law merchant, by the

creditor from his debtor for an existing debt, is a payment of the debt, unless it is otherwise agreed by the parties, and the onus of proving such agreement would lie upon the creditor." This case is cited and approved. *Boulden* v. *McIntire*, 119 Ind. 582, 12 Am. St. 453; *Teal* v. *Spangler*, 72 Ind. 384; *Mason* v. *Douglas*, 6 Ind. App. 561.

In *Alford* v. *Baker*, 53 Ind. 279, it is held that the giving of a promissory note governed by the law merchant for a preexisting indebtedness of the maker to the payee, will discharge the debt unless it is shown that the parties did not intend it to have that effect; but the giving of a promissory note not governed by the law merchant for such debt, does not operate as a payment thereof unless it be expressly stipulated between the parties. This case is followed in *Hill* v. *Sleeper*, 58 Ind. 221, and *Bristol, etc., Mfg. Co.* v. *Probasco*, 64 Ind. 406. Only notes payable to order or bearer in a bank in this State are governed by the law merchant. The evidence in this case does not show that the note received was payable in a bank in this State. The only evidence on the subject was that a note was taken for the amount, whether it was payable to order or to bearer, or at any bank does not appear, and that it was received with the understanding that if it was not paid the right to take a lien upon the property was reserved. The note was not paid and was taken up by the appellee company and notice of intention to hold a lien subsequently filed.

It appears further from the evidence that said note was owned by and in the custody of the appellee corporation in court at the time of the trial. Appellants did not ask that it be produced or canceled. The cause as to the maker of the note, Hamlyn, was continued for process. The cases of *Scott* v. *Ward*, 4 Greene (Ia.) 112, and *Clement* v. *Newlin*, 78 Ill. 427,

cited by appellant's counsel, in which notes had been taken and transferred to third parties, are not therefore in point.   We find no error for which the judgment should be reversed.   The judgment is affirmed.