## MASSON v. INDIANA LIGHTING FIXTURE COMPANY ET AL.

[No. 7,830.  Filed February 18, 1913.  Rehearing denied May 7,  1913.]

1. APPEAL.—*Waiver of Error.*—*Briefs.*—Errors assigned are waived by appellant's failure to discuss them in his brief or cite authority to support same.  p. 377.

2. APPEAL.—*Questions Presented.*—*Record.*—Where the transcript of the evidence is not in the record, the specification in the motion for new trial, that the decision of the court is contrary to law, presents the same question as that raised by appellant's exceptions to the conclusions of law.  p. 379.

3. APPEAL.—*Review.*—*Exceptions to Conclusions of Law.*—*Admissions.*—Appellant's exceptions to the conclusions of law concede, for the purpose of such exceptions, that the facts are fully and correctly found.  p. 379.

4. APPEAL.—*Review.*—*Findings.*—*Waiver of Lien.*—Special findings showing that no definite time was agreed upon within which defendant was to pay for fixtures furnished by plaintiff and that defendant was given an indefinite time to make payment do not evidence a contract giving defendant the right to fix the time of payment beyond the period within which plaintiff might file a mechanic's lien, and do not show a waiver of plaintiff's right to file and enforce such lien.  pp. 379, 380.

5. MECHANICS' LIENS.—*Waiver.*—A person may by express contract waive his right to hold and enforce a mechanic's lien, and such waiver may be inferred or implied from a course of dealing or acts evidencing a clear intention so to do.  p. 380.

6. MECHANICS' LIENS.—*Waiver.*—*Evidence.*—The extension of the time for payment of a claim, for which a lien may be had, beyond the period for acquiring such lien, is a circumstance that may be considered on the subject of waiver, but is not conclusive.  p. 380.

7. MECHANICS' LIENS.—*Waiver.*—*Evidence.*—An extension of the time of payment beyond the time within which a lien may be enforced clearly shows an intention to waive the lien.  p. 380.

8. TENDER.—*Sufficiency.*—*Conditional Offer to Pay.*—An offer to pay the amount due on a mortgage or other lien, on condition that such lien shall be satisfied and released of record before the money is surrendered, is insufficient to operate as a tender.  p. 381.

From Marion Circuit Court (18,750); *Charles Remster*, Judge.

Action by the Indiana Lighting Fixture Company and others against Woodburn Masson. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*V. G. Clifford* and *Woodburn Masson,* for appellant.

*Merle N. A. Walker* and *John E. Hollett,* for appellees.

FELT, P. J.—This is a suit by the appellee against the appellant to foreclose a mechanic's lien on certain real estate in the city of Indianapolis. Upon request the court made a special finding of facts and stated its conclusions of law thereon. Appellant filed a motion for new trial which was overruled. Judgment was rendered for appellee on the conclusions of law, to which appellant excepted, and prayed this appeal.

Errors assigned are: the sustaining of appellee's demurrer to appellant's plea in abatement and the overruling of appellant's demurrer to appellee's complaint. Appellant has not discussed these alleged errors, nor cited authority to support the assignments. Under well-established rules, such errors, if any, are therefore, waived. Error is also assigned on the court's conclusions of law and the overruling of the motion for a new trial.

The finding of facts so far as material to the questions presented is in substance as follows: that appellant owned the real estate in question on which he erected a dwelling house between February 23, 1909, and July 25 of that year; that appellee is a corporation organized under the laws of the State of Indiana, and engaged in the sale and installment of chandeliers and lighting fixtures; that appellee entered into a verbal contract with appellant to sell, furnish and install in said dwelling certain chandeliers and lighting fixtures for which he agreed to pay the sum of $150; that appellee furnished and installed in said dwelling house the chandeliers and fixtures so purchased and in addition thereto at appellant's request, certain other lighting fixtures of the value of $4; that the work of installing

said fixtures was completed on July 16, 1909, and thereupon a statement of the amount due therefor was furnished appellant; that when said contract for the purchase of said fixtures as aforesaid was made, the time in which appellant was to pay for the same "was not definitely fixed by the terms thereof but an indefinite time was given said defendant, Woodburn Masson in which to pay for the same"; that on August 11, 1909, appellee demanded payment of said bill and received thereon the sum of $50; that in the latter part of said month appellee demanded payment of the balance due on said bill and was then informed by appellant that he had been given an indefinite time in which to pay said bill and had decided to pay the same in three installments of $50 each, the second of which he would pay on September 11, and the third of October 11, 1909; that thereupon appellee informed appellant that unless the entire amount was paid by September 14, 1909, it would file a notice of its intention to hold a lien on said real estate for the unpaid balance of said bill; that on September 11, 1909, appellee demanded payment of said account and appellant said he would pay the sum of $50 thereon and that that amount was all there was then due; that thereupon appellee again informed appellant that unless said bill was paid in full on or before September 14, 1909, notice of a mechanics' lien therefor would be filed; that thereupon appellant refused to make any further payment at that time and has not since paid any part of said balance; that on September 14, 1909, appellee filed its notice of intention to hold a mechanic's lien on said real estate and dwelling house, and the same was duly recorded in the office of the recorder of Marion County, Indiana; that on October 11, 1909, appellee's attorney demanded of appellant payment of the balance due on said bill and was by him informed that he was ready to give his check for the sum of $104, provided said attorney would first procure the release and satisfaction of said lien, which proposition was refused and no payment

was then made; that this suit was commenced on February 3, 1910; that a reasonable fee for appellee's attorney is $25; that there was due and unpaid on said bill at the time said suit was commenced the sum of $104. On the foregoing facts the court stated its conclusions of law, that appellant was indebted to appellee in the sum of $104 with interest thereon at the rate of six per cent per annum from October 11, 1909, on account of material furnished and labor performed, in the erection of the dwelling house situate on said real estate; that appellee holds a valid lien on said real estate to secure the payment of said amount and that there is due the sum of $133.18.

There is no transcript of the evidence in the record and the only available ground stated in appellant's motion for new trial, is that the decision of the court is contrary to law. On the record presented this question is the same as that raised by the exceptions to the conclusions of law.

Appellant contends that under the agreement between him and the appellee, he had the right to fix the time of payment for the fixtures, provided the same was fixed within reasonable limits; that by this agreement he had the right to extend the time of payment beyond the period within which appellee might file a lien, and that by virtue thereof appellee waived its right to a lien. Appellant's exceptions to the conclusions of law concede for the purpose of such exceptions that the facts are fully and correctly found. The first question, therefore, to be determined is, Do the facts found by the court evidence a contract which gave to appellant the right to fix the time of payment beyond the period within which appellee might file a mechanic's lien and show a waiver of appellee's right to file and enforce such lien? The findings simply show that no time of payment was agreed upon by the parties and that appellant was given an indefinite time in which to make payment. They do not show

that the parties mutually entered into an arrangement that would authorize appellant to make payments in three separate installments on dates to be arbitrarily designated by him. Furthermore, if the dates for payments had been mutually agreed upon as designated by appellant, such facts would not amount to more than evidence tending to show a waiver.

5. A person may by express contract waive his right to hold and enforce a mechanic's lien. Such waiver may also be inferred or implied from a course of dealing or acts evidencing a clear intention so to do. The extension of the time for payment of a claim, for

6. which a lien may be filed, beyond the period for acquiring such lien, is a circumstance that may be considered on the subject of waiver, but is not conclusive. To show such waiver, the intention to waive the lien must be clearly established. Under our statute the notice must be filed within sixty days from the date of furnishing the last item for which a charge may legally be made in the bill for which the lien is filed, but the lien may be enforced at any time within one year from the date of the filing and recording of such notice. An extension of the time of payment beyond the time within which the lien could be

7. enforced would clearly show an intention to waive the lien. 27 Cyc. 261, et seq; 20 Am. and Eng. Ency. Law (2d ed.) 361, 362, 493; Blakely v. Moshier (1892), 94 Mich. 299, 54 N. W. 54, 55; Davis v. La Crosse Hospital Assn. (1904), 121 Wis. 579, 99 N. W. 351, 1 Ann. Cas. 950; Mehan v. Thompson (1880), 71 Me. 492; Clark v. Huey (1895), 12 Ind. App. 224, 234, 235, 40 N. E. 152; Rhodes v. Webb-Jameson Co. (1898), 19 Ind. App. 195, 197, 198, 49 N. E. 283; Elwood State Bank v. Mock (1907), 40 Ind. App. 685, 687, 82 N. E. 1003; Teal v. Spangler (1880), 72 Ind. 380. Applying these principles to the facts

4. found in this case it is clear that they fail to show any intention on the part of appellee to waive the

right to enforce a lien against appellant's property. Neither do the facts evidence any agreement to waive the lien, nor authorize any such inference.

The court did not therefore err in its conclusion of law that appellee acquired and is entitled to enforce a mechanic's lien against the property described in the complaint. This conclusion renders it unnecessary to consider the other questions discussed in the briefs. Judgment affirmed.

## ON PETITION FOR REHEARING.

FELT, P. J.—In his petition for rehearing appellant insists that he offered to pay the amount due appellee before this suit was begun and that appellee refused to accept payment unless he would first dismiss another suit he had brought against it. He says the original opinion "virtually holds" that his refusal to accede to the demand of appellee for such dismissal affords the reason for affirming the judgment of the lower court. Conceding, but not deciding, that the finding that appellant "was ready and willing" to give his check for the amount due, if unmodified, would show a good tender, the condition imposed by appellant, and not the subsequent condition mentioned by appellee's attorney, prevented the offer to pay, or tender, from being effective as a bar to appellee's right of foreclosure. The finding shows that appellant offered to give his check "provided that said attorney would first procure the release" and satisfaction of said lien. An offer to pay the amount due on a

8. mortgage or other lien, on condition that such lien be satisfied and released of record before the money is surrendered, is insufficient to operate as a tender. *Storey* v. *Krewson* (1877), 55 Ind. 397, 23 Am. Rep. 668; *Ferguson* v. *Wagner* (1872), 41 Ind. 450; *Rose* v. *Duncan* (1874), 49 Ind. 269; *Bundy* v. *Summerland* (1895), 142 Ind. 92, 41 N. E. 322.

The petition for a rehearing is overruled.

NOTE.—Reported in 100 N. E. 875; 101 N. E. 753. See, also, under

(1) 2 Cyc. 1014; 3 Cyc. 388; (2) 29 Cyc. 951; (3) 38 Cyc. 1992; (4) 27 Cyc. 425; (5) 27 Cyc. 262; (6) 27 Cyc. 265; (8) 38 Cyc. 152, 154. As to sufficiency and effect of tender, see 77 Am. Dec. 470; 30 Am. St. 460.