WAVERLY COMPANY ET AL. *v.* MORAN ELECTRIC
SERVICE, INC.

[No. 16,356.   Filed March 27, 1940.   Rehearing denied
May 10, 1940.]

76

*Fred I. King,* of Indianapolis, for appellants.
*Merle H. Thomas,* of Indianapolis, for appellee.

STEVENSON, J.—At the time of the filing of this action, the appellant, The Waverly Company, was a corporation owning certain real estate located in the City of Indianapolis, Indiana, and known generally as 135 South East Street. The appellant Inter-State Motor Freight System had leased the premises from the owner, The Waverly Company, and it was provided in the lease that certain changes should be made in the building. The Waverly Company agreed to furnish the money to make these changes and the Inter-State Motor Freight System was

to reimburse them for such expenses. Some time during the year of 1937, The Waverly Company entered into a contract with A. L. Johnson, doing business as A. L. Johnson Construction Company, to make the changes and repairs in the building. A. L. Johnson Construction Company entered into a contract with the appellee, Moran Electric Service, Inc., to furnish the labor and materials incident to some electric wiring at and for the agreed price of $288.00. During the progress of the installation some additional plugs were asked for and installed, bringing the total contract price to $304.60. The work of installing the electrical wiring was substantially completed on May 23, 1937. Some additional work was required in correcting some defects and three (3) hours labor was performed on June 4, 1937. There is also evidence in the record that the work of installation finally was completed after the inspection by the city officials on June 9, 1937. Notice of intention to hold a mechanic's lien for the work, labor, and materials furnished was filed in the office of the Recorder of Marion County, Indiana, on August 2, 1937. This notice was signed, "Moran Electric Service Company, by A. L. Case." This action was later commenced by the filing of a complaint in the name of Moran Electric Service Company, Inc.

This complaint was in one paragraph, to which a copy of the notice of the mechanic's lien was attached as an exhibit. To this complaint the defendant Johnson filed an answer in general denial. The Waverly Company and the Inter-State Motor Freight System each filed answers in general denial and also pleas of payment. Replies were filed to the affirmative paragraphs of answer. The cause was submitted to the court for trial and during the trial the appellee, as plaintiff, filed a motion to amend the complaint by alleging and in-

cluding a copy of a written agreement with the A. L. Johnson Construction Company under which the work in question was done instead of an oral agreement as first pleaded. They also asked permission to amend the name of the plaintiff in the complaint by inserting therein the true corporate name, to-wit: "Moran Electric Service, Inc." Plaintiff further asked to insert by amendment a paragraph in the complaint reading as follows:

"Plaintiff further says and alleges that after the defendants herein failed to make payment of the amount due said plaintiff, that the plaintiff caused the Central Lien Corporation as its agent to file on its behalf a lien in the Office of the Recorder of Marion County, and that the said Central Lien Company did cause such notice of mechanic's lien to be filed in the Recorder's Miscellaneous Record No. 278, being Instrument No. 23826, but that said Central Lien Company, acting for and on behalf of plaintiff and not for and on behalf of any concern by the name of Moran Electric Service Company, signed such name of Moran Electric Service Company to said notice of mechanic's lien inadvertently, and at all times intended to, and in fact, repre- senting the plaintiff in this cause of action and that said lien was known and understood by the defend- ants and each of them to be the notice of mechanic's lien of and filed on behalf of this plaintiff."

This amendment was permitted and the appellants, The Waverly Company and Inter-State Motor Freight System, then filed separate demurrers to this amended complaint on the grounds that said amended complaint did not state facts sufficient to constitute a cause of action. They challenge the sufficiency of this complaint as failing to show that The Waverly Company and the Inter-State Motor Freight System were parties to the contract by which the appellees were employed. They further contend that the complaint does not allege that

the labor and materials were furnished by the appellee under the authority or direction of the appellants, or either of them, as owners of the property against which the appellee seeks to assert a lien. The demurrer further challenges the sufficiency of the notice since the notice of intention to hold a lien was not signed by the appellee "Moran Electric Service, Inc.," but bore the signature "Moran Electric Service Company, by A. L. Case." The court overruled this demurrer, and separate answers were again filed by the defendants, appellants herein. The evidence was concluded and the court rendered judgment in favor of the appellee against the real estate described for $304.60, to which was added an attorney's fee of $75.00. The lien was foreclosed and the real estate was ordered sold and the rights of redemption of the appellants were foreclosed. In due time a motion for new trial was filed in which it was alleged that there was error in the amount of recovery, in that the amount is too large; that the finding of the court is not sustained by sufficient evidence and is contrary to law; and, other alleged errors in the admission of evidence are specified. This motion for new trial was overruled, and this appeal has been perfected.

The errors assigned in this court are, first, that the court erred in overruling the demurrer to the amended complaint, and second, that the court erred in overruling the motion for new trial.

Under the first assignment of error, the appellant contends that the complaint does not allege that the materials and labor furnished by the appellee in the repair of this building were furnished by the authority and direction of the owner. The appellant seeks to invoke the rule that where the owners of the real estate are not parties to the contract under which the improvement was made, there can be no

liability against them or their real estate in the absence of a showing that they authorized and directed such improvement. The complaint alleged in this case that the appellants entered into a contract with A. L. Johnson, doing business as A. L. Johnson Construction Company, for the construction of certain improvements upon their property, that thereafter the said A. L. Johnson Construction Company employed the appellee to install the electrical equipment required by such improvement. The evidence discloses that this was done and A. L. Johnson was paid for the same by the appellants. The allegations of the complaint are sufficient to show that the work, labor, and materials furnished by the appellee were furnished under the authority and direction of the owners of the real estate. Having contracted with A. L. Johnson for this improvement, and the contractor having employed the appellee to furnish certain portions of the improvement contracted for, the law makes the contractor the agent of the owner so far as is necessary in the procuring of such materials and labor as are reasonably necessary to accomplish the work contracted, and therefore the work contracted for by A. L. Johnson for this improvement was, in legal effect, ordered by the appellants and it becomes the basis for a lien against their property. *Rhodes* v. *Selvage* (1918), 69 Ind. App. 533, 122 N. E. 352; *Neeley* v. *Searight* (1888), 113 Ind. 316, 15 N. E. 598; *Stephens* v. *Duffy* (1907), 41 Ind. App. 385, 83 N. E. 268.

The appellants further contend that the notice of intention to hold a material man's lien as filed by the appellee in this case was insufficient for the reason that it appears on the face of the notice that the amount claimed was due and owing to "Moran Electric Service Company," when in truth and in fact the corporation

which furnished the labor and materials was a corporation whose name was "Moran Electric Service, Inc."

In passing upon the sufficiency of the form and contents of the notice required by statute to be filed, our courts have held that a notice is sufficient if it states the amount of the claim, to whom and by whom it is due, for what it is claimed, and if it contains a sufficient description of the premises by which they can be identified. *Jeffersonville Water Supply Co.* v. *Riter* (1897), 146 Ind. 521, 45 N. E. 697; *Rhodes* v. *Webb-Jameson Co.* (1898), 19 Ind. App. 195, 49 N. E. 283. The question therefore presented is whether or not the notice bearing the name "Moran Electric Service Company" was sufficient to inform the appellants that a claim for work, labor, and materials furnished in the repair of their building was being asserted by "Moran Electric Service, Inc." It is our opinion that this question must be answered in the affirmative. While the names "Moran Electric Service, Inc." and "Moran Electric Service Company" are not strictly *idem sonans*, yet they are of sufficient similarity as to have substantially the same meaning. The amended complaint alleges and the evidence discloses the manner in which the erroneous name was affixed to the notice. Both names were intended to designate the same corporation. It was proper to permit the complaint to be amended and to admit extrinsic evidence to show that both names did in fact apply to the same corporation. *Talbot* v. *Hale* (1880), 72 Ind. 1. There was accordingly no error in overruling the demurrer to the amended complaint.

The appellant further charges that there is a total lack of evidence to support the finding and judgment

of the court by which the appellee was allowed to recover the sum of $75.00 as an attorney's fee. The appellee offered no evidence as to the reasonable value of the services rendered by the appellee's attorney in this case. Our court has held repeatedly that in the foreclosure of a mechanic's lien, it is error to include an allowance for attorney's fees where there is no evidence offered as to the value thereof. *Winslow Gas Co.* v. *Plost* (1919), 69 Ind. App. 611, 122 N. E. 594; *Rexing v. Princeton Window Glass Co.* (1911), 51 Ind. App. 124, 94 N. E. 1031; *Jackson* v. *J. A. Franklin & Son* (1939), 107 Ind. App. 38, 23 N. E. (2d) 23.

The finding and judgment of the court clearly show that $75.00 was included as a fee for the appellee's attorney. There being no evidence in the record which supports this portion of the judgment, it follows that the court erred in the assessment of the amount of the recovery. This erroneous part of the judgment, however, may be separated from the balance of the judgment, and there being no other reversible error disclosed by the record, this judgment may be affirmed if a remittitur of $75.00 is filed: If within thirty days the appellee shall file in the office of the Clerk of this court a remittitur in the sum of $75.00 on this judgment, this judgment will be affirmed. Otherwise the judgment of the trial court is reversed with instructions to sustain the appellant's motion for new trial.

Note.—Reported in 26 N. E. (2d) 55.