Nov. Term,
1858.

CLARK
v.
MULLENIX.

(1) *Ante*, 268.

- - - o o o - -

## CLARK v. MULLENIX.

*A.*, acting as the agent of *B.*, sold a tract of land to *C.*, and took his notes for the purchase-money. Prior to the payment of these notes, *B.*, becoming dissatisfied with the sale, by a valid power of attorney, authorized *D.* to sell and convey the land, and to receive the purchase-money, and all claims due him in the state of *Indiana*, where the land was situated. Of the execution of this power, both *A.* and *C.* had notice, and *C.* agreed with *D.*, to set aside the contract which he and *A.* had entered into, and to pay a greater sum for the land. The original notes, however, were left in the hands of *A.* to whom *C.* subsequently paid the money for which they called; and brought suit against *B.* for specific performance:

*Held*, 1. That the first agency was revoked by the creation of the second; and that after notice thereof to the vendee, payment to the first agent was no payment, and did not entitle the vendee to maintain his suit.

2. That where the averment in the complaint in such case is, that the plaintiff has paid the purchase-money, proof that he has tendered it only is not sufficient, especially where the tender is not followed up by bringing the money into Court.

*Wednesday,*
*January 19,*
*1859.*

APPEAL from the *Putnam* Circuit Court.

WORDEN, J.—Bill in chancery, filed under the old prac-

tice, by the appellee against the appellant, for the specific performance of a contract for the sale of land. The cause was tried since the code took effect, but there was a motion for a new trial, on the finding of the Court for the plaintiff below, which was overruled, and exception taken, the bill of exceptions setting out the evidence.

The bill avers that in *May*, 1848, the plaintiff purchased of the defendant, *Nancy Clark*, a certain piece of land therein described for the sum of 400 dollars, to be paid in four equal payments, on the 25th of *December*, of the years 1848, 1849, 1850, and 1851, with interest from the 1st of *May*, 1848; that he executed to the defendant four notes for the purchase-money, as above specified, and was put, by her, in possession of the land, and has made valuable and lasting improvements thereon; that he has paid to the defendant the purchase-money, and demanded a deed, which she refuses to execute.

The facts charged in the bill are denied under oath.

The Court, on its finding, decreed specific performance.

It appears from the evidence that the defendant, who resided in *Kentucky*, by her letters to one *John Allee*, of *Indiana*, authorized him to sell the land in controversy; and that in pursuance of such authority, said *Allee*, as agent of the defendant, sold the land to the plaintiff, and put him in possession thereof, and also took from the plaintiff the notes above specified for the purchase-money, which notes were retained in the possession of *Allee* until they were paid to him by the plaintiff, and taken up. Soon after the land was sold, *Allee* received letters from the defendant ratifying and confirming the sale. This was in 1848.

Afterwards, the defendant became dissatisfied with the sale thus made, on the alleged ground that it had been sold for less than its value, and sought to repudiate it. On the 24th of *September*, 1850, she executed to *Henry H. Clark*, a power of attorney, whereby she authorized and empowered him to sell and convey the land in controversy, and to receive the purchase-money, and all rents or claims due her in the state of *Indiana*. About the first of *October*, 1850, said *Henry H. Clark*, having with him the power of

attorney, came to the county of *Putnam*, and had an interview with the plaintiff in relation to the land. The plaintiff and said *Henry H. Clark* went to see said *Allee*. In the language of said *Allee*, the plaintiff's witness, "*Henry H. Clark* came to my house in company with the complainant, and said his sister (the defendant) was dissatisfied with the trade, and gave notice to the complainant that she wanted the land, and exhibited his power of attorney from defendant." It appears that after some consultation between the plaintiff and *Allee*, it was agreed that the power of attorney should be submitted to some lawyer of *Greencastle*, and accordingly the whole matter was submitted to Judge *Farley* for his opinion. On the same evening after consulting Judge *Farley*, the complainant agreed to set aside the contract, and give 500 dollars for the land.

At the time of this transaction none of the principal had been paid on the notes for the purchase-money, and perhaps but a portion of the interest. The principal and interest due on the notes were afterwards paid by complainant to said *Allee*, but no part of it appears ever to have been paid to the defendant, nor does it appear that she has ever received anything upon the land.

The question arises whether, upon the foregoing facts (admitting the original contract to be valid and binding, and not set aside and canceled by the subsequent agreement between the plaintiff and said *Henry*, as the agent of the defendant), the payment of the purchase-money by the plaintiff to said *Allee*, was a payment to the defendant?

We are clearly of opinion that it was not. The authority of *Allee* in the matter was clearly revoked and ended, and a payment to him after the plaintiff had notice that he was not authorized to receive it, was a nullity, so far as the defendant was concerned.

In Story on Agency, § 474, it is said that an authority may be revoked by a "direct and formal declaration publicly made known, or by an informal writing, or by parol; or it may be implied from circumstances. What circumstances will or will not amount to a revocation, or to notice of a

revocation by implication, cannot be stated with any definite certainty. But there are some acts which admit of little or no doubt. Thus, for example, if the principal appoints another person to do the same act, this will ordinarily be construed to be a revocation of the power of the former agent."

Here, before the purchase-money was paid to *Allee*, the defendant had executed a power to *Henry H. Clark*, by which she not only authorized him to sell and convey the land, but to receive the purchase-money and all claims due her in the state of *Indiana*, and of this fact the plaintiff had full notice. It is useless to say that the defendant's leaving of the notes in the possession of *Allee*, impliedly gave the plaintiff the right to pay the money to him. The plaintiff knew that the defendant wished to avoid the contract, and did not wish to receive the money upon it at all. There could be no implied authority, under such circumstances, for *Allee* to receive the money, and his express authority, if he had previously had any, was revoked. The revocation of *Allee's* authority would not, of course, affect the validity of a sale made by him previous to the revocation, but it took away his right to act further as the agent of the defendant, either in receiving the purchase-money, or otherwise executing the contract.

The payment of the purchase-money to *Allee*, under the circumstances, not being a payment to the defendant, and this being all the payment made, there was a failure to make out the case so far as this essential particular is concerned, and on this ground a new trial should have been granted.

The plaintiff, in his evidence, undertook to remedy this defect by showing a tender of the money to the defendant; but the allegation in the bill is, that the money was paid to the defendant, and not that it was tendered to her; besides this, the tender, if a valid one was made, was not followed up, as it should have been, by bringing the money into Court.

We intimate no opinion as to the effect of the arrangement, made subsequently to the original contract, by which

that contract was to be set aside and the plaintiff to give 500 dollars for the land, as the evidence on that point is not very explicit. If the cause is retried and that point should arise, perhaps the testimony will show more clearly the terms of the new agreement. Besides this, it is doubtful whether, under the pleadings, the defendant could avail herself of this defense if it be a good one.

But for the reason above stated the judgment below must be reversed.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded for a new trial.

*J. P. Usher, J. A. Matson,* and *C. C. Nave,* for the appellant.

