No. 9144.

## WILSON *v.* McVEY.

PROMISSORY NOTE.—*Principal and Surety.—Tender.—Answer.*—To a complaint on a promissory note, an answer by the surety, that, after the note matured, the principal tendered to the payee the amount due in goods, which the surety offered, at the same time, to take and pay for, which offer the payee refused and suffered the principal to become insolvent, is bad.   So, also, is an answer alleging, in addition, that the surety counted out and offered to the plaintiff the full amount of the note and interest, and the latter refused to accept the money.

From the Morgan Circuit Court.

*G. A. Adams* and *J. S. Newby*, for appellant.

*E. M. McCord*, for appellee.

ELLIOTT, J.—Appellee's complaint is upon a promissory note alleged to have been executed to James McVey by the

appellant Michael Wilson, and Michael Russie, since deceased. The second paragraph of the answer of the appellant is, in substance, as follows: That he signed the note as surety for Russie; that this was known to the payee; that, after the maturity of the note, the principal therein tendered to McVey, out of a store then owned by him, a sufficient quantity of goods to fully pay the note; that appellant was present at the time and offered to take the goods from McVey, if he would receive them, and pay him therefor the full value; that McVey neglected to take the goods and suffered Russie to become insolvent.

This answer is clearly bad. The tender of property in payment of an ordinary promissory note does not release the surety. In order to have that effect, the tender must be made in lawful money. *Williams* v. *Reynolds*, 11 La. 230; *Rhinelander* v. *Barrow*, 17 Johns. 538.

The third paragraph of the answer is very like the second, but contains this additional statement: "That said Russie tendered to said McVey sufficient merchandise as aforesaid, but he failed and refused to accept the same, whereupon the defendant then counted out and offered to said John McVey the full amount of said note, with the interest thereon; that McVey refused to accept the said property from the said Russie, or the money from the defendant." This statement is exceedingly indefinite and uncertain, but, however construed, does not make the answer good. If it means that the defendant counted out the money to McVey upon condition that he should take the personal property tendered him, it is insufficient; for he was not bound to accept payment in property. If it is to be taken as meaning that the appellant tendered money, it is bad for failing to aver a readiness and willingness to pay; in other words, for not showing that the tender was kept good. 7 Wait's Actions & Defenses, 596; *Clark* v. *Mullenix*, 11 Ind. 532.

If the answer had alleged a lawful tender by the principal of money, a very different question would have been presented,

for it is held that if the creditor refuses a tender properly made by the principal, the surety is discharged. Brandt Suretyship, section 296, authorities in note.

The court did right in sustaining the demurrers to the answers of appellant.

Judgment affirmed.