HIERONYMUS BREUNICH, Appellant, *v.* SARAH WESELMAN, Respondent.

(Argued June 11, 1885; decided October 6, 1885.)

THIS was an action to foreclose a mortgage, executed by defendant to one William Race, and by him assigned to plaintiff. It was accompanied by a certificate made by defendant, to the effect that the principal stated in the bond accompanying the mortgage was due thereon free from all defense. An affidavit, also made by defendant, was given in evidence by plaintiff, which was to the effect that the certificate had been read to her and she signed with full knowledge that she thereby induced plaintiff to take the assignment.

The trial court found as facts that " The loan for which the bond and mortgage was given was made by the plaintiff through one Pretzfelder acting in his behalf; that it was made upon a corrupt and usurious agreement, and that the selection of a nominal mortgagee and the purchase by plaintiff from him, and the affidavit procured from the defendant, were all mere covers for the usury, and devices to clothe with an appearance of validity what was in fact void."

On the trial plaintiff proved an admission of defendant to him in substance that the mortgage was all right; he offered to prove that Wagner communicated to plaintiff this admission; this was objected to and rejected. The court here held that regarding the facts as found by the trial court, the evidence was immaterial. After the trial on motion an amendment of the answer was permitted. The portion of the opinion in reference thereto is as follows:

" In the original answer the defenses alleged, if there were more than one, were inconsistent. Usury was first averred, its details being that out of $1,800 which the mortgage purported to secure, but $1,435 was in fact advanced, and the balance was retained as an agreed premium over and above the lawful interest. This defense, if true, invalidated the whole security, and amounted to a plea that the defendant owed nothing.

Then came an averment that in June, 1877, and so before the commencement of the foreclosure action, the defendant had tendered and offered to pay the sum of $1,435," with the interest then due and unpaid, being the same sum for the payment of which the said bond and mortgage was given.   It is doubtful whether this amounted to a plea of tender at all.   It would certainly have been ineffectual as a defense at law to an action for the recovery of the debt, since the money was not brought into court and the fact averred in the answer.   (*Becker* v. *Boon*, 61 N. Y. 317.)   And besides, no precise or definite sum was tendered, but only the principal accompanied by an offer to pay the accrued interest.   The most that can by possibility be claimed for the averment is that it defended against the lien of the mortgage though not against the debt.   It has been held that an offer to pay the amount due on the mortgage, either at the law day or thereafter before foreclosure, will extinguish the security, although the tender is not kept good and the money brought into court.   (*Kortright* v. *Cady*, 21 N. Y. 354.)   But that rule does not apply where the affirmative relief of a cancellation of the security is sought and granted, as was the case here.   (*Tuthill* v. *Morris*, 81 N. Y. 99.)   But if the plea amounted to a defense against the enforcement of the mortgage lien it gave no right of recovery for the amount tendered to the plaintiff, but on the contrary merely extinguished his equitable cause of action, and left him only a remedy at law upon the bond.   And then the defense was inconsistent with the plea of usury.   It necessarily assumed that there was no usurious agreement, but a promise to lend $1,800, fulfilled only to the extent of the tender, and creating a debt for that amount and no more.   There was much in the case upon which such a theory could have been very fairly predicated. But the two defenses were inconsistent.   Both could not be true, and it was impossible that they should stand together. The mortgage could not be wholly void and partly valid at one and the same time.   It was the right of the defendant to choose upon which of the defenses she would rely, and having chosen it was proper to conform the pleading to her choice. She chose to rely upon the usury.   Nobody was misled as to

that determination, and that question was made the sole issue. The amendment allowed merely struck from the pleading one of two inconsistent defenses. No right of the plaintiff depended upon its remaining. Its presence gave him no right to a judgment, and it could have no force for his benefit except as an admission tending to negative the defense of usury. Striking it from the pleading did not take away that admission, since it was still available in the proofs. The amendment, therefore, was proper, and the order allowing it must be affirmed. The result is that only the amended answer is before us, and no question of tender arises on the record.

"But it is claimed to have arisen on the proof, and the evidence relied on is defendant's own statement 'that in July, 1877, she tendered plaintiff $1,435, with interest, and told him she would not pay the *bonus*, and plaintiff would not take it.' It seems to us very clear that this was not an admission of the debt as valid and enforceable, for it in terms insists upon the fact of usury. In referring to the 'bonus' it asserts the usury, and the offer cannot be construed as at the same time confessing its non-existence. The defendant did not mean a self-contradiction. What she did mean was a willingness to refund what she had received notwithstanding the usury, and notwithstanding that she was not liable at all. She does not admit that any thing is due, but while insisting upon the usurious character of the contract, she offers to waive that if the plaintiff will be content with the money loaned and its lawful interest. The offer rested upon a consciousness of an honorable and moral obligation, but did not confess a legal one. If it had been accepted there would have been no controversy. Having been refused, the defendant had still the legal right to insist upon the usury and defend against the entire claim. For these reasons we think the General Term committed no error in affirming the judgment. In doing so they held that the effect of a tender applies only to the case of a lawful contract, and not to the case of one made void by statute. We do not adopt that doctrine, nor yet assume to condemn it, since its consideration is unnecessary in the view which we have taken of the questions involved."

*Lewis Sanders* for appellant.

*P. Mitchell* for respondent.

FINCH, J., reads for affirmance.
All concur.
Judgment affirmed.