Bundy *v.* Summerland, Treasurer Wabash County.

Filed September 19, 1895.

---

No. 17,228.

BUNDY *v.* SUMMERLAND, TREASURER WABASH COUNTY.

INJUNCTION. —*Complaint, Necessary Allegation.* —*Taxes.* —The complaint in an action to enjoin the collection of taxes, part of which are admitted to be legally due, must allege that a tender of such amount was made, and that it was kept good by paying the same into court. (See note at end of opinion.)

From the Wabash Circuit Court.

*W. H. Carroll* and *G. D. Dean,* for appellant.

*A. Taylor,* for appellee.

MONKS, J.—This action was brought by appellant to enjoin the appellee, as county treasurer, from collecting certain taxes. It appears from the complaint that appellant was charged on the tax duplicate in the hands of appellee with $129.00, of which $15.00 is legally due, and the remainder is claimed to be illegal, for the reason that the real estate on which it was assessed was exempt from taxation.

There was a demurrer to the complaint, which was sustained, and judgment rendered for appellee.

The sufficiency of the complaint is the only question presented. It clearly appears from the complaint that a part, at least, of the taxes which appellee was attempting to collect was legally collectible.

It is settled in this State that if a part of the tax charged on the duplicate against a party be legal and a part illegal, that which is legal must be first paid, or tendered to the treasurer before an action to enjoin the collection of the residue can be maintained. *Board, etc.,* v. *Dailey,* 115 Ind. 360; *City of South Bend* v. *University of Notre Dame du Lac,* 69 Ind. 344; *Smith, Treas.* v. *Rude Bros. Mfg. Co.,* 131 Ind. 150. It is averred in the complaint "that before the commencement of the action, plaintiff offered to pay the defendant the sum of $15.00, assessed upon and against his personal estate, but the defendant refused to accept the same except as a credit upon the aggregate amount of said taxes so attempted to be collected. * * * That he is ready and willing to pay the taxes so assessed against his personal property when the same can be ascertained separate from said real estate."

These are the only allegations in regard to payment or tender.

It is urged that the tender as averred was conditional and therefore not sufficient. *Storey* v. *Krewson,* 55 Ind. 397; *Bowen* v. *Julius,* 141 Ind. 310.

It is also urged by appellee, that if it were admitted that the tender as alleged was sufficient, there are no averments in the complaint showing that the tender was kept good by paying the money into court. There was no dispute about the amount of the tax on the personal property; it was already ascertained and deter-

mined before the alleged tender was made. The rule requiring the tax-payer to pay or tender all taxes due upon property owned by him, which is subject to taxation before he can enjoin the taxes claimed to be illegal, is a just and salutary one, and should be strictly enforced.

When a tender is made to a county treasurer, and is refused, the same must be kept good by paying into court when the complaint is filed, the amount legally due for taxes. This must be alleged in the complaint, or the same will not be sufficient to withstand a demurrer for want of facts. *Lancaster* v. *Du Hadway*, 97 Ind. 565, and cases cited; *Goss* v. *Bowen*, 104 Ind. 207; *Evansville, etc., R. R. Co.* v. *Marsh*, 57 Ind. 505; *Clark* v. *Mullenix*, 11 Ind. 532.

It is not necessary to consider the other objections urged to the complaint, as the same is not sufficient for the reason stated. The court did not err in sustaining the demurrer to the complaint.

Judgment affirmed.

NOTE.—The multitude of authorities on injunctions to restrain collection of illegal taxes are analyzed in a note to *Odmin* v. *Woodruff*, (Fla.) 22 L. R. A. 699.