OHIO FARMERS INSURANCE COMPANY *v.* DOBBS.

[No. 10,299. Filed April 6, 1920. Rehearing denied January 27, 1921.]

1. APPEAL.—*Change of Venue.—Transcript.—Sufficiency.—Objection.—Time for Making.*—An objection on appeal by plaintiff appellee that the transcript on change of venue granted on his motion was not authenticated by a sufficient certificate, and that therefore the pleadings are not properly in the record, is too late and cannot be considered, where he appeared in the court to which venue was changed and went to trial without objection to the alleged insufficiency of the certificate. p. 688.

2. NEW TRIAL.—*Motion.—Sufficiency.—Memorandum.*—A motion for a new trial need not be accompanied by a memorandum. p. 689.

3. INSURANCE.—*Fire Insurance.—Action on Policy.—Reply.—Averment of Agent's Authority.—Sufficiency.*—In an action on a fire insurance policy, a paragraph of reply alleging that defendant insurer, by and through its duly authorized agent, waived each and every provision, condition, and requirement set forth in paragraphs of answer setting up breach of certain conditions embraced in the policy, *held* sufficient, as against demurrer, as an averment that the agent had authority to make such waiver. p. 689.

4. APPEAL.—*Review.—Harmless Error.—Admission of Evidence.*—In an action on a fire policy, error, if any, in permitting plaintiff to testify on direct examination as to the value of property insured in a lump sum, was harmless, where the witness was fully cross-examined as to the value of the separate articles involved. p. 690.

5. INSURANCE.—*Fire Insurance.—Action on Policy.—Evidence.—Proofs of Loss.*—In an action on a fire policy, proofs of loss are admissible only for the purpose of showing a compliance with the terms of the policy. p. 690.

6. APPEAL.—*Review.—Instructions.—Duty to Request.*—In an action on a fire policy, defendant insurer, having failed to tender an instruction that proofs of loss made by insured were admitted only to show compliance with the terms of the policy, cannot complain that such an instruction was not given. p. 690.

7. INSURANCE.—*Fire Insurance.—Action on Policy.—Evidence.—Admissibility.*—In an action on a fire insurance policy providing that, if the property insured was or should become incumbered by a chattel mortgage, the policy should be void, the refusal to permit defendant insurer's agent to testify as to what effort he had made to find insured prior to tendering a

return of the premium paid on discovering that the property insured was incumbered by a chattel mortgage, *held* reversible error.   p. 691.

8. WITNESSES.—*Contradiction.—Party's Own Witness.*—Under §531 Burns 1914, §507 R. S. 1881, a party may in all cases contradict his witness by other evidence and by showing that he has made statements different from his present testimony, the only limitation being that the testimony given must have been prejudicial.   p. 692.

9. WITNESSES.—*Refreshing Memory.*—It is proper to refresh the memory of a witness.   p. 693.

10. WITNESSES.—*Impeachment.—Certified Copy of Testimony Before State Fire Marshal.*—In an action on a fire insurance policy, a properly authenticated copy of insured's testimony before the state fire marshal investigating the fire is admissible for the purpose of impeaching or contradicting insured as a witness.   p. 693.

11. TRIAL.—*Impeachment of Witness.—Offer to Prove.*—In an action against an insurer on a fire policy, where defendant offered to introduce in evidence the testimony of plaintiff before the state fire marshal, and, upon objection by plaintiff offered to prove certain facts from a copy of the testimony taken by the fire marshal and certified by him and the secretary of state, the offer was not proper, and the objection thereto was properly sustained, the testimony not being offered as an exhibit.   p. 694.

12. APPEAL.—*Review.—Refusal of Instructions.*—Tender of instructions after the jury had been instructed was too late, and they were properly refused.   p. 695.

13. APPEAL.—*Record.—Bill of Exceptions.—Filing.—Sufficiency of Showing.*—Where it appears from the record that on November 3, defendant was given forty-five days to file its bill of exceptions, and on the last page of the bill the trial judge certified that "within the time fixed by the court for filing the same, the defendant tendered this, his bill of exceptions, and prays that the same might be signed, sealed and made part of the record in this case, which is accordingly so done on this 13th day of December," followed by the signature of the trial judge and a file mark of the clerk reciting that the bill was filed December 15, and the clerk's final certificate to the transcript dated within the time allowed for filing the bill of exceptions certifying that the transcript contains a full, true, and correct and complete copy of all the papers, etc., including the original bill of exceptions, the record sufficiently shows that the bill was filed and that the filing was within the time allowed. p. 695.

From Owen Circuit Court; *Robert W. Miers,* Judge.

Action by James A. Dobbs against the Ohio Farmers Insurance Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Guilford A. Deitch, Frank G. West* and *Homer Elliott,* for appellant.

*Claude E. Gregg, Webster V. Moffett, Cary L. Harrell, Willis Hickam, Hubert Hickam* and *Willis Hickam, Jr.,* for appellee.

NICHOLS, C. J.—Action by appellee to recover on a fire insurance policy for a loss sustained.

The complaint in one paragraph in substance alleges the issuance of the policy involved October 1, 1915, insuring against loss by fire in the sum of $700 on the saloon stock, and $500 on the furniture and fixtures. The property was wholly destroyed by fire November 16, 1915. It was owned by appellee and was of the value of $1,600. Immediate notice of the loss was given, and within sixty days thereafter appellee rendered a particular account of the statement of the loss. Appellee had performed all of the conditions of the contract, but appellant refused to join in estimating the loss, and refused to pay anything on account of said policy and the loss sustained thereunder. There was a prayer for judgment in the sum of $1,350.

Appellant answered in five paragraphs, the first being a general denial. The second was based upon the provisions of the policy that it would be void if the property insured be, or become incumbered by chattel mortgage, it being averred in said paragraph that at the time of the issuance of the policy the property was subject to two chattel mortgages. Paragraph 3 was based upon the provision of the policy that the same should be void if the property be incumbered with a chattel

mortgage subsequent to the issuance of the policy, and that subsequent to such issuance the property was so incumbered. Paragraph 4 sets up that appellee did not comply with the objections made to the statement of loss by reason of which no recovery was authorized, and paragraph 5 avers that before proof of loss was made the appellee had abandoned all claims under said policy.

There was a reply in denial to the second, third and fourth paragraphs of answer, and a second paragraph of reply to the second, third, fourth and fifth paragraphs of answer, which averred that "defendant by and through its duly authorized agent James L. Smith waived each and every provision, condition and requirement" set forth in said paragraph of answer. A demurrer to this second paragraph of reply was overruled. The cause was tried by a jury, and a verdict rendered for appellee in the sum of $1,302.50. After the motion for a new trial was overruled, and judgment rendered upon the verdict, this appeal.

On appellee's motion and affidavit the venue of the cause was changed from the Greene Circuit Court to the Owen Circuit Court. Appellee now says on appeal, for the first time, that the transcript on change of venue was not authenticated by a sufficient certificate, and that therefore the pleadings are not properly in the record, and cannot be considered. Appellee appeared in the Owen Circuit Court, and, without taking any steps to have the certificate, which was defective, corrected and, without making any objection thereto, went to trial on the pleadings and issues as presented by the transcript.

As the transcript was sufficient for appellee's purpose in the trial court, it will meet our requirements. The objection comes too late. *Indianapolis, etc., Transit Co.* v. *Andis* (1904), 33 Ind. App. 625, 72 N. E. 145. The pleadings and issues thereon will be considered.

Appellee next contends that the motion for a new trial presents no question, for the reason that there is no memorandum attached thereto. There is nothing in this contention. *Wilson* v. *Sentman* (1920), *ante*, 112, 121 N. E. 669; *Monfort* v. *Indianapolis, etc., Traction Co.* (1920), (Ind.) 128 N. E. 842. Other technical objections to appellant's brief are presented, but with the amendments made after appellee's objections, we hold that the brief shows a good-faith effort to comply with the rules of the court, and the appeal will be considered on its merits.

Appellant contends that the averment of the second paragraph of reply that the defendant by and through its duly authorized agent, James L. Smith, waived each and every provision, condition and requirement set forth therein, while sufficient as an answer that Smith was an agent duly authorized or appointed by defendant, it is not sufficient as an averment that he had either the actual or apparent authority to bind his principal by any supplemental agreement waiving the provisions of the policy.

In the case of *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 601, 100 N. E. 675, 102 N. E. 99, it was held that, in construing the pleading where a demurrer is interposed, it will be deemed sufficient whenever the necessary allegations can be fairly gathered from all the averments, and that all facts will be deemed stated that can be implied from the allegations made by fair and reasonable intendment, and facts so impliedly averred will be given the same force as if directly stated, citing a long list of authorities.

It was held in the case of *Webb* v. *Citizens Nat. Bank, etc.* (1917), 70 Ind. App. 22, 115 N. E. 799, that where one Voigt, for and on behalf of one Holzbog, after making inquiry of appellee as to the amount of money

due upon a certain note owing by said Holzbog collaterally secured by bonds deposited therewith, thereupon tendered appellee in full payment of the note the amount so stated by appellee to be due thereon, and at said time demanded the surrender of the note and bonds to him, said Voigt, as the agent of said Holzbog, such averments were sufficient to show the authority of Voigt as the agent of Holzbog in making the tender, and demanding such bonds. See, also, *Singer, etc., Machine Co.* v. *Phipps* (1911), 49 Ind. App. 116, 120, 94 N. E. 793. Upon the authority of these cases, supported by §343a Burns 1914, Acts 1913 p. 850 and §385 Burns 1914, §376 R. S. 1881, we hold that the second paragraph of reply was sufficient as against demurrer. If appellant deemed the pleading defective, its remedy was by motion to make it more specific. *Premier Motor Mfg. Co.* v. *Tilford* (1916), 61 Ind. App. 164, 111 N. E. 645.

The policy covered the "saloon stock" and the "furniture and fixtures," and appellant complains that appellee was permitted on direct examination to testify

4-5. to the value of these items in a lump sum. As appellee was fully cross-examined, by appellant's counsel as to the value of the separate items composing such stock, and such furniture and fixtures, we do not see that appellee could have been harmed, even if such testimony was erroneous. The proofs of loss were only admissible for the purpose of showing a compliance with the terms of the policy. *Metropolitan Life Ins.*

6. *Co.* v. *People's Trust Co.* (1912), 177 Ind. 578, 98 N. E. 513, 41 L. R. A. (N. S.) 285. Had appellant tendered an instruction to this effect, it should have been given, but, failing so to do, it may not complain. *Robinson* v. *Youngblood* (1913), 54 Ind. App. 669, 103 N. E. 347. As appellee was fully examined as to the facts stated in the proof, we do not see how

appellant was harmed by reading such proof in evidence.

Appellant offered in evidence a chattel mortgage dated April 13, 1915, and executed by appellee to one Chas. Hartmetz, which, so far as the record shows, had 7. not been released, though appellee testified that the mortgage had been paid off before the policy was written. This left the question of fact as to whether there was a chattel mortgage upon the property insured at the time that the policy was written. It was provided in the policy and averred in the second paragraph of answer that, if the property be or become incumbered by a chattel mortgage, the policy should be void.

The court instructed the jury with reference to such mortgage that the company was obliged to act with reasonable promptness and notify the assured of its election to treat the policy as void. During the trial witness Smith testified that he had a conversation with appellee on February 26, 1916, at which time he tendered him the return of his premium. The following question was then propounded to the witness Smith: "What, if any, effort had you made preceding the time you did tender the premium to Dobbs, to find him?" The witness commenced to answer by saying: "I called up the hotel a time or two at Jasonville trying to locate him." Thereupon the appellee objected to the question for the reason that it was immaterial, time put in in hunting him being of no significance. Appellant then offered to prove by the witness that for several weeks preceding the tender of the premium he sought to find appellee at his usual place of habitation, but until the tender was made he was unable to find him. Objection was then sustained to this question. As to what is reasonable time depends upon the circumstances of each particular case. It appears in this case that there had been some delay in

making the tender, and, going to the question as to whether it was made in a reasonable time, it was certainly competent for appellant to show that he had made an effort to locate appellee for the purpose of making tender and that he was unable to do so. We think the exclusion of this evidence was reversible error. Appellant says that it was not contended by appellee at the trial that there was any unnecessary delay in tendering back the premium. If the record showed this statement made in the presence of the jury, this question would not be before us, but, to the contrary, it shows a charge presenting the question of reasonable promptness in making the tender, which was prepared and presented by appellee.

In the examination of witness Ashcraft produced by appellant, and after he had stated that there was barreled whisky in the saloon, and that the stock was not a rundown stock, but that there was plenty of everything to sell, and that he had no idea as to how much whisky there was in the place at the time of the fire, and that he never did know, the following question was propounded to the witness: "To refresh your memory, I will ask you to state if you did not make the following answer to the following question in the examination before the fire marshal: 'Did he have any barreled whisky in there at the time of the fire? and you answered, No.'" The question was objected to on the ground that it was an attempt by appellant to impeach its own witness, and the objection was sustained. This ruling was error. §531 Burns 1914, §507 R. S. 1881, expressly provides that a party may in all cases contradict his witness by other evidence and by showing that he has made statements different from his present testimony. The following cases so hold: Spencer Light, etc., Co. v. Wilson (1914), 56 Ind. App. 128, 136, 104 N. E. 94; Adams v. State

(1901), 156 Ind. 596, 605, 59 N. E. 24; *Scofield* v. *Myers* (1901), 27 Ind. App. 375, 60 N. E. 1005; *Ohio, etc., R. Co.* v. *Stein* (1894), 140 Ind. 61, 39 N. E. 246; *Blough* v. *Parry* (1896), 144 Ind. 463, 40 N. E. 70, 43 N. E. 560. The only limitation is that the testimony given must have been prejudicial, and certainly such testimony as the witness in this case had given was highly prejudicial. It is also proper to refresh the memory of a witness. *Harvey* v. *State* (1872), 40 Ind. 516, 519.

Appellant, as a part of its defense, offered to introduce in evidence the testimony of James A. Dobbs before the state fire marshal. Upon objection by the appellee, appellant then offered to prove certain facts from the copy of the testimony taken by said state fire marshal of James A. Dobbs, which said testimony was certified by said state fire marshal as a full, true and complete transcript of the investigation of the said James A. Dobbs' saloon fire at Jasonville, Indiana, on or about November 17, 1915, the original of which was on file in the office of said fire marshal, and which said certificate of said state fire marshal is certified to by the secretary of state of the State of Indiana, under the seal of the State of Indiana, as being the certificate of the duly appointed fire marshal of the State of Indiana and the authorized custodian of the record of that office. It does not appear that such testimony of appellee before the state fire marshal was identified as an exhibit in the case, or that it was offered as such, the only offer being to prove certain facts from such authenticated copy. The court holds that, had there been a proper offer of the duly certified copy of the testimony of appellee given at the fire inquest before the state fire marshal, it would have been admissible in evidence. Section 9440 Burns 1914, §5880 R. S. 1881, provides, with reference to the testimony taken by a

coroner, that it shall be in writing and subscribed by the witness examined, and due return thereof shall be made to the court of such written evidence. It has been repeatedly held that evidence properly reduced to writing and signed is competent evidence against a witness when charged with the crime of killing a person on whose body the inquest was held. *Snyder* v. *State* (1877), 59 Ind. 105; *Epps* v. *State* (1885), 102 Ind. 539, 1 N. E. 491; *Sage* v. *State* (1891), 127 Ind. 15, 26 N. E. 667; *Davidson* v. *State* (1893), 135 Ind. 254, 34 N. E. 972. If such evidence taken by the coroner is admissible in evidence as an admission against the witness, we reason by analogy that the same rule should apply with reference to evidence taken by the state fire marshal in a fire inquest; and, if evidence taken before a coroner is competent in a criminal proceeding against the witness who has given the testimony, we can see no reason why evidence taken before the fire marshal should not be admissible in a civil case. We find no direct authority upon this question in the State of Indiana, but in Massachusetts there is a statute similar to ours, under which there is an officer known as a state fire marshal, with authority very much the same as the authority given to the state fire marshal of this state, and in that state it has been repeatedly held that the testimony of a witness taken at such fire inquest is competent evidence against him on his prosecution for arson. *Commonwealth* v. *Bradford* (1878), 126 Mass. 42; *Commonwealth* v. *Wesley* (1896), 166 Mass. 248, 44 N. E. 228; *Commonwealth* v. *King* (1857), 8 Gray (Mass.) 501. If such testimony is admissible in a criminal charge of arson, we see no reason why it should not be held admissible in a civil action when approved or authenticated for the purpose of contradiction or

11.  impeachment such as in the case at bar. But in this case there was no proper offer. The alleged

testimony of appellee is not made a part of the transcript, and we do not decide as to whether it was properly approved or authenticated. Objection to the offer as made was properly sustained. Even if there was error, it was not presented.

Instruction No. 10 was a correct instruction as applied to the evidence, the only chattel mortgage in evidence being one dated prior to the date of the policy. Appellant tendered certain interrogatories, but only after the court had instructed the jury. This was too late, and they were properly refused. For the errors above mentioned, the judgment is reversed, with instructions to the trial court to grant a new trial.

### ON PETITION FOR REHEARING.

NICHOLS, J.—Appellant earnestly contends that the question decided in the original opinion that refers to the admissibility of evidence was not before the court for the reason that the record does not show the filing of the bill of exceptions.

It appears by the record that on November 3, 1917, the motion for a new trial was overruled, at which time appellant was given forty-five days within which to file its bill of exceptions. On December 15, 1917, an entry shows that the official reporter filed her longhand transcript of the evidence, objections thereto, rulings thereon, and the exceptions taken and reserved thereto, "which said longhand transcript was in words and figures following:" (Then follows in the record what purports to be a general bill of exceptions.) Without other identification, it is clear that this would not be sufficient to show the filing of the bill of exceptions within the time fixed by the court. On the last page of the bill, the trial judge certifies that "within the time fixed by the court for filing the same, the defendant tendered this, his bill of exceptions, and prays that

the same might be signed, sealed and made a part of the record in this case, which is accordingly so done this 13th day of December, 1917." Then follows the signature of the judge of the court, and on the same page a file mark as follows: "Filed December 15, 1917, Jos. C. Clark, Clerk, Owen Circuit Court." The clerk's final certificate to the transcript certifies as follows: "The above and foregoing transcript contains a full, true, correct and complete copy of all papers and entries in said cause filed in my office as such clerk, and recorded in the records of this office, including the original bill of exceptions, the evidence in said cause, which original bill of exceptions is inserted in said transcript without copying as required by the above and foregoing praecipe." The certificate is dated December 15, 1917, and signed by the clerk of the Owen Circuit Court, with seal attached.

It will be observed that the clerk's certificate is dated within the time fixed for the filing of the bill of exceptions. We hold that it sufficiently appears both by appellant's brief and by the record that the bill of exceptions was filed, and that it was filed within the time required by the court's order.

The petition for rehearing is overruled.