## PECK AND MACK COMPANY v. SCHAFER HARDWARE COMPANY.

[No. 10,922.    Filed October 12, 1921.]

1. APPEAL.—*Parties.—Garnishee Defendant.*—An appeal will not be dismissed because a garnishee defendant was not made a party thereto, where the errors complained of affect only the appellant, which was the principal defendant below, and there was no contention that the judgment was void. p. 427.

2. APPEAL.—*Record.—Bill of Exceptions.—Questions Reviewable.*—Where it does not appear by appellant's brief when its motion for new trial was overruled, or final judgment rendered, or that any time was granted within which a bill of exceptions containing the evidence might be filed, and the bill follows, instead of preceding the clerk's certificate, the bill is not in the record, and the court on appeal cannot consider any questions pertaining to the evidence. p. 427.

3. APPEAL.—*Record.—Bill of Exceptions.—Correction of Transcript by Clerk of Appellate Court.*—Where the clerk's certificate preceded a purported bill of exceptions instead of following it, such irregularity cannot be obviated by appellant asking in its reply brief that the clerk of the Appellate Court be directed to remove the certificate and attach it to the transcript, where it should have properly been placed, since it is not within the province of such clerk so to do, as he cannot authenticate the bill of exceptions, nor any other part of the record. p. 428.

4. APPEAL.—*Review.—Instructions.—Failure to show Incorporation in Record.*—No question is presented as to instructions, where it does not appear by appellant's brief that they were in any manner made part of the record. p. 428.

From Adams Circuit Court; *John C. Moran*, Judge.

Action by the Schafer Hardware Company against the Peck and Mack Company in which the Schafer

Saddlery Company was made garnishee defendant. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Herbert L. Somers, Harry F. Kennerk* and *Dore B. Erwin,* for appellant.

*Clark J. Lutz,* for appellee.

NICHOLS, P. J.—Action by appellee to recover damages for fraudulent representations and for breach of warranty in the sale of personal property. The Schafer Saddlery Company was made garnishee defendant. Appellant answered in denial, and the cause was submitted to a jury for trial which found for appellee assessing its damages at $2,000, and further found that the garnishee defendant was indebted to appellant in the sum of $2,897.36. There was judgment for appellee accordingly after appellant's motion for a new trial was overruled.

Appellee contends that the appeal should be dismissed for the reason that the garnishee defendant is not made a party to the appeal, but in this contention we do 1. not concur. It does not appear by the record that the garnishee defendant is in any way aggrieved. The errors complained of affect only the appellant, and the garnishee defendant can have no interest in the controversy further than to see that the judgment is not void for any reason. 3 C. J. 643. There is no contention that the judgment is void.

Any questions concerning the evidence cannot be considered for the reason that the evidence is not in the record. It appears by appellant's brief that— 2. "The appellant upon the 11th day of August, the same being in vacation of the Adams Circuit Court filed its bill of exceptions containing all of the evidence which was approved by the court." It does not appear by appellant's brief when the motion for

a new trial was overruled, when the final judgment was rendered, or that any time was ever granted within which a bill of exceptions containing the evidence might be filed. Further, there is no bill of exceptions preceding the clerk's certificate to the transcript, but what purports to be a bill of exceptions follows the certificate. It cannot, therefore, be considered a part of the record, and we are prevented from considering all questions pertaining to the evidence. *German Baptist, etc., Assn.* v. *Conner* (1917), 64 Ind. App. 293, 115 N. E. 804.

The case of *Ohio, etc., Ins. Co.* v. *Dobbs* (1920), 74 Ind. App. 685, 126 N. E. 869, 129 N. E. 484, presents an entirely different question and is not in point. Appellant seeks to obviate the irregularity by asking in its reply brief that the clerk of this court be directed to remove the certificate and attach it to the end of the transcript where it was intended to be. We do not say that at a proper time and by proper procedure the transcript might not have been corrected, but certainly it is not the province of the clerk of this court so to do, for he cannot authenticate the bill of exceptions, or for that matter any other part of the record. No question is presented as to the instructions for it does not appear by appellant's brief that they were in any manner made a part of the record. Notwithstanding the conditions aforesaid, we have read appellant's brief, appellee's brief, and appellant's reply brief, and we have to say that even if appellant had succeeded in presenting its questions, the result must have been the same. The judgment is affirmed.